IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC. | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | NO: 4:09CV00553  SWW |
| | * | |
| FRANK WHITMORE, ET AL. | * | |
| Defendants | * | |

**ORDER**

For the reasons stated below, the Court believes that judicial economy requires that this case be consolidated with the following related cases: *J&J Sports Productions, Inc. v. Petrice Whitmore, et al*, No. 4:09CV00904 DPM and *J&J Sports Productions, Inc. v. Petrice Whitmore, et al*, No. 4:10CV01987 SWW.  The Court will postpone consolidation and provide the parties an opportunity to state any reason why consolidation is not appropriate.  Any objection to consolidation must be filed within 10 days from the entry date of this order.

Plaintiff J & J Sports Productions, Inc. ("J&J") commenced this lawsuit pursuant to the Court's federal question jurisdiction against Frank Whitmore, Patrick Whitmore, Petrice Whitmore, Patti Whitmore, and Jazzi's LLC, charging that defendants intercepted and exhibited "*The Battle: Miguel Cotto v. Antonio Margarito, WBA Welterweight Championship Fight Program*," a boxing match that took place on Saturday, July 26, 2008, in violation of 47 U.S.C. §§  553 and 605.   Additionally, J&J brings a supplemental claim for conversion.

After initiating this lawsuit, J&J commenced two additional lawsuits in this Court: *J&J Sports Productions, Inc. v. Petrice Whitmore, et al*, No. 4:09CV00904 DPM and *J&J Sports Productions, Inc. v. Petrice Whitmore, et al*, No. 4:10CV01987 SWW.   In the later filed cases,

J&J names the same defendants as named in this case[1] and makes identical allegations, with the exception that each case involves the interception and exhibition of different boxing matches.

Federal Rule of Civil Procedure 42 provides that, if actions before the court involve a common question of law or fact, the court may order consolidation of the actions. Fed. R. Civ. P. 42(a). A district court can consolidate actions *sua sponte*, and whether to consolidate is vested in the court's discretion. *See Bendzak v. Midland Nat. Life Ins. Co.,* 240 F.R.D. 449, 450 (S.D. Iowa 2007)(citing *Devlin v. Transportation Communications International Union*, 175 F.3d 121, 130 (2d Cir. 1999)). Here, it is clear that J&J's separate actions against defendants involve common questions of law and fact such that consolidation would promote efficiency. Furthermore, proceeding with separate cases will would create the risk of inconsistent rulings. Accordingly, the Court finds that consolidation is warranted.

IT IS THEREFORE ORDERED that the parties have up to and including 10 days from the entry date of this order in which to file any objections to consolidating this case with the aforementioned related cases.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to enter this order in *J&J Sports Productions, Inc. v. Petrice Whitmore, et al*, No. 4:09CV00904 DPM, *J&J Sports Productions, Inc. v. Petrice Whitmore, et al*, No. 4:10CV01987 SWW, and this case.

IT IS SO ORDERED THIS 3RD DAY OF FEBRUARY, 2010.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[1] J&J names an additional defendant, Preston Levell Whitmore, in Case No. 4:10CV01987 SWW.